IN THE SUPREME COURT OF THE STATE OF DELAWARE

ENDURANCE RISK SOLUTIONS
ASSURANCE CO. and HUDSON
INSURANCE COMPANY,

§
§ No. 87, 2023
§
§ Court Below–Superior Court
Defendants Below,
§ of the State of Delaware
Appellants,
§
§ C.A. No. N22C-06-004 (CCLD)
v.
§
§
CLOVER HEALTH
§
INVESTMENTS, CORP. f/k/a
§
SOCIAL CAPITAL HEDOSOPHIA
§
HOLDINGS CORP. III,
§
§
Plaintiff Below,
§
Appellee.
§

Submitted: March 15, 2023
Decided: April 6, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice of interlocutory appeal, the supplemental

notice of appeal, and their exhibits, it appears to the Court that:

(1)	This appeal arises out of an insurance dispute regarding directors and

officers ("D&O") liability coverage. On January 7, 2021, Social Capital Hedosophia

Holdings Corp. III ("Social Capital"), a publicly traded special purpose acquisition

company, and Clover Health Investments, Corp. ("Legacy Clover") merged as part

of an effort to take Legacy Clover public (the "Merger"). The surviving public entity

is Social Capital, which operates as "Clover Health." Before the Merger, Social Capital purchased a tower of D&O insurance policies from Endurance Risk Solutions Assurance Co., Hudson Insurance Company, and another insurer[1] (together, the "Tail Insurers") (the "Policies").

(2)     Clover Health notified the Tail Insurers of its claims for coverage of its costs defending certain underlying suits, including  (i) a securities class action suit (the "Securities Action"), (ii) various shareholder derivative suits (the "Derivative Actions"), and (iii) a Securities and Exchange Commission investigation (the "SEC Investigation").  The Securities Action and the Derivative Actions are based on claims that, in an effort to facilitate the Merger, certain current and former officers and directors of Clover Health made false statements, failed to disclose negative facts about Clover Health, and engaged in a scheme to defraud.  The Tail Insurers denied coverage for the Securities Action and the Derivative Actions for certain individual defendants on the basis that they are not insureds as defined by the Policies.   The Tail Insurers denied coverage in connection with the SEC Investigation on the basis that the investigation does not qualify as a claim under the Policies.  On June 7, 2022, Clover Health filed a complaint in the Superior Court seeking, among other things, a declaration that the Tail Insurers were obligated to

[1] The other insurer is not a party to this interlocutory appeal, and this Order therefore does not further address its role or posture in the underlying litigation.

pay Clover Health for the defense costs it incurred in connection with the Securities Action, the Derivative Actions, and the SEC Investigation, as well as demands made and a complaint filed under 8 *Del. C.* § 220.[2]  In August 2022, the Tail Insurers moved to dismiss the complaint, and Clover Health moved for summary judgment against the Tail Insurers.

(3)    On February 6, 2023, the Superior Court granted Clover Health's motion for summary judgment against the Tail Insurers and denied in part the Tail Insurers' motion to dismiss (the "Decision").[3]  The Superior Court found, in relevant part, that (i) the plain language of the definition of "insured person" in the Policies includes individuals who were the functional equivalent of directors and officers of Social Capital; (ii) the definition of "claim" in the Policies is ambiguous because one subpart of the definition does not contemplate investigatory proceedings (including in the definition of a claim "a formal administrative or regulatory proceeding, other than an investigatory proceeding"), while another subpart includes "formal investigations" (defining a formal investigation as "a civil, criminal, administrative or regulatory investigation"); and (iii) the so-called "Larger Settlement Rule"— which requires that the insurer pay all costs associated with a settlement or defense, without allocation to uninsured parties or matters—applies.  The Tail Insurers asked

_____

[2] The complaint also sought declaratory relief related to a tower of D&O insurance policies that Clover Health purchased effective as of the date of the merger.

[3] *Clover Health Invs., Corp. v. Berkley Ins. Co.*, 2023 WL 1978227 (Del. Super. Ct. Feb. 6, 2023).

the Superior Court to certify an interlocutory appeal. Clover Health opposed the application.

(4)     On March 9, 2023, the Superior Court denied the application. As a preliminary matter, the Superior Court agreed with the Tail Insurers that the Decision determined substantial issues of material importance as required by Rule 42(b)(i).[4] But the Superior Court did not find that the Rule 42(b)(iii) factors cited by the Tail Insurers weighed in favor of certification. The Superior Court disagreed with the Tail Insurers' characterization of the Decision as resolving issues of first impression[5] as to the definitions of "insured person" and "claim" in the Policies. To the contrary, the Superior Court found that it had merely applied the plain language of the Policies to the facts before it. The Superior Court also concluded that its application of the Larger Settlement Rule to defense costs was not an issue of first impression because the Superior Court explicitly cited the applicability of the Larger Settlement Rule to defense costs in *Arch Insurance Co. v. Murdock*.[6] Implicit in its rejection of the Tail Insurers' argument that the Decision decided issues of first impression was the court's rejection of the Tail Insurers' claim that interlocutory review would serve the considerations of justice[7] because the Decision implicated

---

[4] Supr. Ct. R. 42(b)(i).
[5] Supr. Ct. R. 42(b)(iii)(A).
[6] 2020 WL 1865752, at *7 (Del. Super. Ct. Jan. 17, 2020) (adopting the Larger Settlement Rule), *aff'd sub nom. RSUI Indem. Co. v. Murdock*, 248 A.3d 887 (Del. 2021).
[7] Del. Supr. Ct. R. 42(b)(iii)(H).

4

the insurance industry in general. And the Superior Court observed that interlocutory review would not terminate the litigation[8] even as to the Tail Insurers because discovery would inevitably continue with respect to the Tail Insurers' allocation disputes. Finally, the Superior Court concluded that the likely benefits of interlocutory review did not outweigh the inefficiency, disruption, and probable costs of an interlocutory appeal.[9] We agree with the Superior Court that interlocutory review is not warranted in this case.

(5) Applications for interlocutory review are addressed to the sound discretion of the Court.[10] In the exercise of its discretion and giving due weight to the Superior Court's analysis, the Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist in this case,[11] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[12]

---

[8] Del. Supr. Ct. R. 42(b)(iii)(G).
[9] Del. Supr. Ct. R. 42(b)(iii).
[10] Del. Supr. Ct. R. 42(d)(v).
[11] Del. Supr. Ct. R. 42(b)(ii).
[12] Del. Supr. Ct. R. 42(b)(iii).

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice